**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-10180**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GUADALUPE CARBAJAL-GARCIA,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(4:99-CR-196-Y)**

_____

November 3, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Guadalupe Carbajal-Garcia appeals the sentence imposed for his guilty-plea conviction of possession for methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Carbajal contends that the district court erred in enhancing his sentence, pursuant to § 2D1.1(b)(1) of the Sentencing Guidelines, for possession of a dangerous weapon. *See* U.S.S.G. § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is *clearly improbable* that the weapon was connected with the offense." *Id*., comment (n.3) (emphasis added). We review only for

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clear error. *See e.g., **United States v. Vital***, 68 F.3d 114, 119 (5th Cir. 1995).

Pursuant to § 2D1.1(b)(1), a defendant may be held accountable for a codefendant's reasonably foreseeable possession of a firearm during the commission of a drug trafficking offense. *E.g., **United States v. Aguilera-Zapata***, 901 F.2d 1209, 1215 (5th Cir. 1990). The Government may prove such possession by showing that "a temporal and spatial relationship existed between the weapon, the drug trafficking activity, and the [co]defendant". ***United States v. Mergerson***, 4 F.3d 337, 350 (5th Cir. 1993), *cert. denied,* 510 U.S. 1198 (1994). This nexus may be proved by evidence that the weapon was found in the same location where the drugs or drug paraphernalia were stored or where part of the transaction occurred. ***Id.***

The weapons were found in at least two bedrooms of the apartment of one of Carbajal's codefendants. Carbajal left that apartment shortly before he delivered the methamphetamine, with the weapons being found later that day. In short, there is a spatial and temporal connection between the weapons and the offense. *See **id.*** Therefore, the district court's finding of possession was *not* clearly erroneous.

Carbajal contends he never stayed at his codefendant's apartment or spent any time in the rooms where the weapons were found. However, as noted, regardless of Carbajal's knowledge of the presence of the firearms, he may be held responsible if he could have *reasonably foreseen* his codefendant's possession of them. *See **Aguilera-Zapata***, 901 F.2d at 1215. Because firearms are

2

well-known "tools of the trade" of those engaged in illegal drug trafficking, the district court did *not* clearly err in finding that Carbajal could reasonably have foreseen his codefendant's possession of the weapons. *See* **Mergerson**, 4 F.3d at 350 (citing **Aguilera-Zapata**, 901 F.2d at 1215-16).

**AFFIRMED**